IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. CR 96-0571 JH

PHILLIP JASON RHOADS,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Correct a Clerical Error in a Judgment Under F.R.C.P. Rule 36 (Doc. 142) filed on May 7, 2015. Attached to the motion is a copy the transcript of Defendant's sentencing hearing. He alleges that the Court "clearly indicated that the sentence was to run concurrent with Defendant's state sentence." When Defendant was subsequently placed in federal custody, however, the Bureau of Prisons ("BOP") calculated his sentence as consecutive instead of concurrent. He asks the Court to "issue a corrected Judgment clearly stating that the sentence herein is to run concurrent with the Defendant's already imposed state sentence." He also asks the Court to award him credit for pretrial custody.

The terms of rule 36 of the Federal Rules of Criminal Procedure allow "correction in the formal record of a gap or error 'arising from oversight or omission.' " *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968) (analyzing claim under Fed. R. Civ. P. 60(a)), *cited in United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997); *and see Azure v. Gallegos*, 97 F. App'x 240, 244 (10th Cir. 2004) (rejecting claim for alleged error regarding consecutive sentence as unavailable under rule 36); *United States v. Werber*, 51 F.3d 342, 347, 348 and n. 16 (2d Cir. 1995) (allowing court to correct transcription errors under rule 36, but not "error[s] of law"), *cited in United States v.*

*Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court's only comment regarding concurrent sentences in the sentencing transcript referenced by Defendant is as follows:

> I don't know what would be to his advantage as to whether you want to keep him in federal custody and see if that sentence will run concurrent with the federal sentence, or send him back to state custody and see if this sentence will run concurrent with that.

Sentencing Hr'g Tr. 79, Feb. 6, 1998. The most generous reading of the quoted language is that the Court did not preclude the state from allowing its sentence to run concurrently with the sentence in this proceeding. The Court's alleged failure to specify concurrent sentences in the judgment does not constitute "a 'clerical mistake' . . . appear[ing] on the face of the record, leaving little need for adversary proceedings to clarify the issue." *Werber*, 51 F.3d at 347. The Court will deny Defendant's request to correct a clerical error.

Second, even if the Court were to enter an order crediting Defendant's sentence for pretrial custody, such an order would be ineffectual. The United States Attorney General, through the BOP, has the responsibility of administering a federal sentence, including computation of jail-time credit for pretrial incarceration. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992). The district court in the district where Defendant is confined has jurisdiction under 28 U.S.C. § 2241 to review the computation of his sentence, after exhaustion of the BOP's administrative remedies. *See Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996). Because the Court may not grant the requested credit--under rule 36 or otherwise--or correct the alleged clerical error, the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Correct a Clerical Error in a

Judgment Under F.R.C.P. Rule 36 (Doc. 142) filed on May 7, 2015, is DENIED; and the Clerk is directed to mail copies of this Order and Docs. 142 and 143 to Defendant at the address indicated in his motion.

_____
UNITED STATES DISTRICT JUDGE