IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP JASON RHOADS,

    Petitioner,

v.

                                  No.    CV 16-325 JCH/GBW
                                                    CR 96-571 JCH

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 18*). Being fully advised, the Court will overrule the objections, adopt the Proposed Findings and Recommended Disposition (*doc. 17*), and deny Petitioner's amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (*doc. 6*).

**I.    BACKGROUND**

On November 3, 1997, Petitioner pled guilty to Counts I and III of a four-count indictment. *See cr. docs. 80, 81.* Count I was Possession with Intent to Distribute More than 100 Grams and More of a Mixture or Substance Containing Methamphetamines, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, and Count III was Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *See cr. docs. 1, 80, 81; see also* Presentence Report ("PSR") ¶ 3.

Petitioner's sentencing guideline range for Count I of the indictment was determined pursuant to U.S.S.G. § 4B1.1.  As reflected in the presentence report (PSR), Petitioner had two prior felony convictions in New Mexico for Armed Robbery and Possession with Intent to Distribute Cocaine.  PSR ¶¶ 34, 38, 41.  Because these offenses were respectively considered a "crime of violence" and a "controlled substance offense" under the definitions set forth in U.S.S.G. § 4B1.2,[1] Petitioner was subjected to a higher base offense level due to the application of the career offender enhancement under U.S.S.G. § 4B1.1.  PSR ¶ 41; *see also cr. doc. 154* at 5-6.  After a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 31.  PSR ¶ 68.  With a criminal history category of V, Petitioner's sentencing guideline range was 188-235 months for Count I.  *Id.*  Because Petitioner was sentenced prior to the decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the guidelines advisory, this guideline range was mandatory.  After a sentencing hearing, the Court imposed a sentence of 188 months as to Count I, to run consecutively with a sentence of 60 months as to Count III.[2]  *Cr. doc. 154* at 6-7.

Petitioner now challenges the 188-month sentence on the basis that the sentencing guideline range calculated for Count I was wrongfully enhanced pursuant to

---

[1] Subsection (a)(2) of this provision was amended on August 1, 2016.  The amendment deleted the residual clause discussed herein from the definition of "crime of violence."  The remainder of the definition remained the same.  Because it is the relevant provision, references and citations to U.S.S.G. § 4B1.2(a)(2) refer to the pre-2016 amendment version.
[2] The 60-month sentence for Count III was statutorily determined pursuant to U.S.S.G. § 2K2.4(a) (1997) and was unaffected by the career offender enhancement.  PSR ¶ 69.

2

the unconstitutionally vague residual clause of the definition of "crime of violence" under U.S.S.G. § 4B1.1(a)(2). Specifically, Petitioner's amended Motion argues that his conviction for armed robbery is no longer a "crime of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See doc. 6* at 1-2, 5-22. Petitioner contends that the *Johnson* decision should be applied retroactively to invalidate the enhanced base offense level calculation for Count I, and that he should therefore be resentenced without application of the career offender provision. *See id.* at 2, 24-31. The United States contends that Petitioner's motion fails for three reasons: (i) the application of *Johnson* to the guidelines should not be given retroactive effect and (ii) his armed robbery conviction remains a crime of violence under U.S.S.G. § 4B1.2(a)(2) after *Johnson*. *See doc. 16* at 3-14.

On January 25, 2017, the Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD). *Doc. 17*. Because Petitioner was sentenced prior to *Booker*, the Magistrate Judge assumed without deciding that application of *Johnson* to a mandatory guidelines sentence would have retroactive effect. *See id.* at 4-5. Nonetheless, the Magistrate Judge recommended denying Petitioner's motion on the basis that Petitioner's conviction for New Mexico armed robbery remains a "crime of violence" under U.S.S.G. § 4B1.1(a), as defined in § 4B1.2(a) (1997), even after redacting its residual clause.

On January 25, 2017, Petitioner filed Objections to the PFRD. *Doc. 18*. Petitioner argues that: (1) the Magistrate Judge's conclusion that New Mexico armed robbery is a "crime of violence" differs from the conclusion of another magistrate judge in this district; (2) in employing the modified categorical approach, the Magistrate Judge failed to consider whether the facts underlying Petitioner's armed robbery offense showed that Petitioner's specific commission of the crime was violent; (3) Petitioner was convicted of armed robbery pursuant to a plea agreement which he entered into as part of a compromise, and therefore the United States has not met its "burden of proving a crime of violence;" and (4) the Magistrate Judge erroneously indicated that the offense element of "armed with a deadly weapon" has a bearing on the analysis of whether New Mexico armed robbery is a "crime of violence." *See doc. 18* at 3-11. Petitioner further reserved the right to file supplemental objections relating to the retroactivity question if necessary. *Id.* at 2. The United States filed a response stating it had no objections to the PFRD. *Doc. 19*.

## II.   LEGAL STANDARD APPLICABLE TO OBJECTIONS

Petitioner's Motion was referred to the Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). *See doc. 12*. When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The Tenth Circuit has held "that a party's objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When neither party objects to a finding or recommendation, no further review by the district court is required. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

### III.   RETROACTIVITY

On March 6, 2017, the Supreme Court issued its ruling in *Beckles v. United States*. 580 U.S. ___, No. 15-8544, slip op. (March 6, 2017). In that opinion, the Supreme Court held that the United States Sentencing Guidelines are not subject to a void-for-vagueness challenge. 580 U.S. at ___, slip op. at 5. Nonetheless, *Beckles* may not resolve Petitioner's motion, because he was sentenced before the sentencing guidelines became advisory. *See Beckles*, 580 U.S. at ___ (Sotomayor, J., concurring) (slip op., at 10 n.4) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced before our decision in *United States v. Booker*, 543 U.S. 220 (2005) . . . may mount vagueness attacks on their sentences"). Therefore, the Court will assume without deciding that sentences

imposed under the mandatory guidelines, such as Petitioner's, are subject to void-for-vagueness challenges and will consider Petitioner's argument on its merits.

### IV.   PETITIONER'S OBJECTIONS

In articulating his objections, Petitioner heavily quotes the first PFRD of Magistrate Judge Kirtan Khalsa from a separate case in this jurisdiction, in which Judge Khalsa reached the opposite conclusion regarding the same offense. *See doc. 18* at 3-4; *United States v. King*, Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 12* in Civ. No. 16-501 MV/KK (D.N.M. Dec. 1, 2016). Petitioner's reliance on that PFRD is unavailing for two reasons. First, the United States in *King* conceded that New Mexico simple robbery was not a "violent felony," a concession which Judge Khalsa gave "some weight" and found that it "tipp[ed] the scales" towards recommending that the offense did not meet the "violent force" standard of *Johnson v. United States*, 559 U.S. 133, 140 (2010).[3] *King, doc. 12* at 14. No such concession has been made in this case.

Second, Judge Khalsa later issued a supplemental PFRD in *King* maintaining the same position despite the Government's withdrawal of its concession, but noting that three magistrate judges (including the Magistrate Judge in this case) and one district judge in this district had since come to the contrary conclusion. *King*, *doc. 15* at 10-11 (citing *Garcia v. United States*, Mem. Op. & Order Overruling Proposed Findings and

---

[3] To avoid confusion, this case will be referred to as *Johnson I* to distinguish it from the 2015 *Johnson* opinion striking down the residual clause of the ACCA (hereinafter referred to as *Johnson II*).

Recommended Disposition, *doc. 37* in Civ. No. 16-240 JB/LAM (D.N.M. Jan. 31, 2017) (Browning, J.); *Hurtado v. United States*, Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 17* in Civ. No. 16-646 JAP/GJF (D.N.M. Jan. 11, 2017); *Contreras v. United States*, Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 12* in 16-cv-0671 RB/SMV (D.N.M. Dec. 6, 2016); and *Baker v. United States*, Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 9* in 16-cv-715 PJK/GBW (D.N.M. Dec. 15, 2016); and the PFRD in this matter). Notably, the PFRDs to which Judge Khalsa cited were later adopted by the presiding judges in those matters. *See Contreras*, Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 14* in 16-cv-0671 RB/SMV (D.N.M. Feb. 24, 2017) (Brack, J.); *Baker*, Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 14* in 16-cv-715 PJK/GBW (D.N.M. Mar. 17, 2017) (Kelly, J.).[4] Thus, there is significant consensus within this District that New Mexico simple robbery qualifies as a crime of violence.

    Having reviewed these other opinions and the underlying law, this Court holds that the offense of New Mexico armed robbery "has as an element the use . . . of physical force against the person of another" and therefore qualifies as a "crime of violence" under the guidelines without relying on the residual clause. U.S.S.G. § 4B1.2(a)(1). The force necessary to elevate a larceny to a robbery in New Mexico, at the

---

[4] *Hurtado* was dismissed pursuant to a voluntary motion for dismissal by the plaintiff following the issuance of the *Beckles* decision. *See* Order Granting Motion for Voluntary Dismissal of Petitioner's Motion, *doc. 22* in Civ. No. 16-646 JAP/GJF (D.N.M. Mar. 9, 2017) (Parker, J.).

very least, constitutes the threatened use of force "capable of causing physical pain or injury to another person" under the *Johnson I* standard of physical force. 559 U.S. at 140. The Court agrees with the Magistrate Judge's proposed finding that such a conclusion is compelled by the reasoning of *United States v. Harris*, __ F.3d __, No. 16-1237, 2017 WL 34458 (10th Cir. Jan. 4, 2017) and the controlling state jurisprudence discussing the nature of the offense. *See, e.g., State v. Bernal*, 146 P.3d 289, 296 (N.M. 2006) (contrasting the offense of robbery to larceny and explaining that the robbery statute is "clearly designed to protect citizens from violence . . . . Robbery is not merely a property crime, but a crime against a person"). The fact that the force required to elevate a larceny to a robbery in New Mexico need only be sufficient to overcome "'the resistance of attachment' should be construed in light of the idea that robbery is an offense against the person, and something about that offense should reflect the increased danger to the person that robbery involves over the offense of larceny." *State v. Curley*, 939 P.2d 1103, 1106 (N.M. Ct. App. 1997).

The force necessary to meet the *Johnson I* standard need not be capable of causing severe bodily injury or even leaving a bruise. *See Harris*, 2017 WL at *4. Thus, force capable of overcoming the resistance of attachment, giving rise to an "occasion to confront the thief, thereby possible leading to an altercation," is sufficient to at least threaten force capable of causing injury to the person. *Curley*, 939 P.2d at 1106. This conclusion is in accord with the Tenth Circuit's conclusion in *United States v. Lujan* that

New Mexico robbery is a violent felony under the Armed Career Criminal Act's identical "elements clause."  9 F.3d 890, 891-92 (10th Cir. 1993); *see also Bernal*, 146 P.3d 289, 296 (N.M. 2006) (citing *Lujan* with approval for the conclusion that New Mexico robbery involves the use or threatened use of force).  The Court's conclusion is also in accord with the general consensus of opinion in this district regarding this question of law, as discussed above.  Thus, Petitioner's objections regarding the distinctions between the state law analysis contained in the Magistrate Judge's PFRD and Judge Khalsa's conflicting PFRD in *King* are overruled.

   Petitioner next argues that in employing the modified categorical approach, the Court should look to the specific facts of how he committed the offense.  *See doc. 18* at 7-9.  Petitioner objects to the Magistrate Judge's failure to consider such specific facts in the PFRD.  *Id.*  This argument misunderstands the nature of the modified categorical approach.  *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).  The purpose of that approach is to determine the elements of the particular offense of which a defendant was convicted where the statute of conviction is divisible, listing alternative elements defining multiple different crimes.  *See id.*  The modified categorical approach expressly forbids an inquiry into the underlying facts of the offense as it was committed by a particular defendant.  *See id.* at 2251 ("How a given defendant actually perpetrated the crime—what we have referred to as the 'underlying brute facts or means' of commission—makes no difference . . . .  The itemized construction gives a sentencing

court no special warrant to explore the facts of an offense, rather than to determine the crime's elements and compare them with the generic definition").

Here, the Magistrate Judge properly looked to the sentencing transcript, indictment, plea agreement, and state court judgment only insofar as those documents provided clarity regarding the offense of which Petitioner was convicted under N.M.S.A. § 30-16-2, which lists the elements of three separate offenses. *See doc. 17* at 17-19. Contrary to Petitioner's objections, it would not be permissible, under *Mathis*, to consider such facts as: (1) Petitioner's motivations for pleading guilty (as "a matter of compromise[] . . . . in exchange for five other counts being dismissed"); (2) any "additional facts as to what occurred" during the robbery itself, including that a wallet was stolen and that Petitioner's co-defendant "may have been the person that 'possessed' the handgun;" or (3) that the state court suspended three-and-a-half years of Petitioner's nine-year sentence for the armed robbery, "obviously finding it was not as serious as the 'label' armed robbery would suggest." *See doc. 18* at 8-9. The Court therefore overrules all of Petitioner's objections which rely on such impermissible fact-specific inquiries into the specific offense conduct or the circumstances influencing Petitioner's decision to plead guilty to the offense of armed robbery.

Finally, Petitioner objects that the Magistrate Judge erroneously indicated that the element of the armed robbery offense requiring that an offender be "armed with a deadly weapon" during its commission bolsters the conclusion that the offense is a

10

"crime of violence."  *See doc. 18* at 9-11.  Specifically, Petitioner argues that if simple robbery "does not meet the 'crime of violence' criteria, simply putting a gun into the scenario does not change a non-crime of violence into a crime of violence."  Doc. 18 at 7.  The Court agrees that certain state jurisprudence indicates that mere possession may satisfy this element, as the Magistrate Judge discussed.  *See State v. Duran*, 570 P.2d 39, 40-41 (N.M. 1977); *State v. Chouinard*, 603 P.2d 744, 745 (N.M. 1979); *doc. 17* at 20.  However, other controlling case law indicates that a fact-specific inquiry is necessary in New Mexico to determine whether possession of a deadly weapon during a robbery elevates the crime to armed robbery.  *See State v. Hamilton*, 6 P.3d 1043, 1045 (N.M. Ct. App. 2000).

    Regardless, it is unnecessary to consider whether committing robbery while armed with a deadly weapon elevates it to an even more violent "crime of violence" than simple robbery.  Adopting Petitioner's argument would not alter the Court's ultimate conclusion, as the Court finds that even simple robbery in New Mexico qualifies as a "crime of violence" under the elements clause of the guidelines, as discussed above.  The Court therefore declines to reach a conclusion regarding that objection to the Magistrate Judge's PFRD, as it has no bearing on the disposition of Petitioner's Motion.

V.    **CONCLUSION**

    Petitioner's prior offense of armed robbery remains a crime of violence under the

sentencing guidelines irrespective of the residual clause. Therefore, even post-*Johnson II*, Petitioner's criminal history satisfies the requirements of the career offender enhancement under U.S.S.G. § 4B1.4(b).

The Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant can satisfy this standard by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). After considering the issues raised and their disposition, the Court will deny a COA.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Petitioner Rhoads' objections (*doc. 18*) are OVERRULED;

(2) The Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 17*) is ADOPTED;

(3) Petitioner's amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (*doc. 6*) is DENIED WITH PREJUDICE; and

(4) A certificate of appealability is DENIED.

_____
JUDITH C. HERRERA
United States District Judge